### In re LAKE COUNTY GRAND JURY.

Circuit Court, Lake County.

January 9, 1958.

——

T. G. FUTCH, Circuit Judge.

You gentlemen have been duly summoned to serve as jurors in this court and further in accordance with the statutes of this state, you have been selected, impaneled and sworn as a grand jury to make inquiry of and regarding crimes in and for the body of the County of Lake, a duly organized political subdivision of the State of Florida.

The law of this state provides for 18 members of the grand jury, each of whom must be qualified to serve as a juror. Fifteen of your number constitutes a working quorum and you cannot proceed in any particular unless 15 members of your body are present, actually participating in your deliberations. This simply means that you may excuse for reasons satisfactory to you, one, two or three members of your body at one time. Of course, this is intended only to be exercised in case of emergency, of which a majority of you are the sole judges.

Formerly, no criminal case could be tried in this court except upon an indictment duly returned by a grand jury. The constitution and the statutes have been changed so that indictments for trial of criminal cases are necessary only in those cases where the punishment may be death. This change in the constitution and the statutes accounts for the fact that a grand jury is not always impaneled for a term of court and for the further fact that grand jurors serving in circuit courts are not in session for as many days as was formerly the case.

For you to return an indictment charging anyone with a crime, not less than 15 of your number must be present and at least 12 of those present must vote in favor of returning the indictment, sometimes spoken of as "finding an indictment."

As a general proposition, matters considered by the grand jury are brought to their attention by the state attorney; however, matters may be referred to the grand jury by the circuit judge, but such reference is seldom made. You are not confined to matters referred to you by the state attorney or by the court, but it is your privilege and duty, if any member of your body knows of a crime which has been committed, or a condition existing in your county affecting the public welfare, to investigate any such matter so presented. In any investigation which you make, it is your privilege and duty to have summoned before you, any person or persons other than the prospective defendant or defendants, to testify as witnesses for your information, upon which you are to base and will base, any findings or presentments which you finally make to the court.

It is your privilege to set your own time for meeting and adjourning and to determine when you have finished your deliberation, and are prepared to make such return or report to the court as you find to be appropriate, based upon your investigation.

The Anglo-Saxon people have, through many centuries, depended upon the grand jury to guard their liberties and their political rights and to present no man for trial for any crime unless and

until 12 of your number are convinced that if, acting as a member of a trial jury, you would bring in a verdict of guilty against the person charged. Of course, this does not mean that you must be certain that the defendant or defendants cannot successfully counterbalance the information you have received with evidence in his own behalf, because you will hear little if any testimony, except that tending to show the guilt of the accused person. This means simply you are not to treat your position lightly or to subject any person to the embarrassment and expense of a trial unless you honestly believe, from the evidence before you, that he should be convicted of the crime charged unless he is able to counteract the testimony you have, with testimony in his own behalf. You are not a trial jury and the fact that you present an indictment does not mean that the person or persons named therein are guilty, but it does mean that unless they are able to meet and counter-balance that evidence to the satisfaction of a trial jury with evidence in their behalf, they should be convicted of the crime charged.

No man should be indicted on rumor or suspicion, neither should you fail to return an indictment because there is rumor or suspicion that the person or persons whom you are investigating, may be able to successfully defend against such conviction with competent evidence recognized by the law as being sufficient to counteract the evidence which you have before you, or which may be produced by the state on the trial of the case. It is not within your province to consider the mental condition of the person charged, or any other fact or circumstance which might be pled by the person charged, and proven to the satisfaction of the trial jury. Self defense, insanity or other mental conditions or other ameliorating circumstances which might work an excuse or a defense, are matters which must be pled and proven in behalf of the accused in his or her defense.

No person whom you are investigating has any right to appear before your body and you have no right to call him or allow him to appear there.

At no time is it permissible for anyone to be in your presence when you are assembled as a jury, except a witness, the state attorney, or the assistant state attorney, or both of them, and if you see fit, the official court reporter.

You should first investigate matters presented to you by the state attorney or his assistant. Following which you are at liberty to investigate other matters which may be called to your attention by any one of your number, or by the sheriff, or any other reliable citizen. I might remark however, that grand juries seldom have

occasion to investigate any matter not presented by or through the office of the state attorney.

The state attorney will draft or cause to be drafted in his office, any presentment or report which you desire to make, and will instruct you on any question of law arising during the course of your proceedings. The court is not permitted to give you any such advice or instruction.

I should add that when you are ready to deliberate, and cast your vote, no one is allowed to be present except the members of your body as jurors. The state attorney, his assistant, the reporter, and anyone else other than a member of your body as a grand jury, must be excluded from the room when you start your deliberation and voting after hearing the testimony presented to you on any matter which you consider. Neither the person or persons being investigated, nor their attorneys, are to be allowed to appear before your body when it is in session.

Yours is an important function and one which I know you will not take lightly. You have taken a broad, inclusive, binding and soul searching oath which for your benefit, and to further impress upon you the importance and seriousness of your duty, I will now have the clerk read to you again. (Clerk read oath.) You will now retire to the jury room, select one of your number as foreman, one as vice-foreman, and another as clerk, and make written report thereof immediately to the court before starting your deliberations.

The sheriff or his duly appointed bailiff will be on hand just outside your door at all times to perform any service you may require of him.